THE STATE, EX REL. B. F. PERCIVAL, v. R. L. STUDHEIT.

School Law: MANDAMUS. One B., moderator of a school district, refused to sign a report to the county clerk of the lawful taxes voted by his district at the annual meeting. *Held*, That it being a duty enjoined by law, he would be compelled by mandamus to sign the same.

ORIGINAL application for peremptory writ of mandamus.

*Davidson & Easterday*, for relator.

No appearance for respondent.

MAXWELL, CH. J.

This is an application for a peremptory writ of mandamus. The relator alleges in his application that he is a resident of and tax-payer in school district number sixty-seven, of Johnson county, and that the defendant is moderator of said district; that at the annual meeting held in April last, in said district, the legal voters thereof determined by vote that three mills on the dollar on the assessed valuation should be levied on the taxable property in said district for repairs of the said school house therein, and five mills for the payment of teachers' wages, and that school should be taught in said district eight months during the ensuing year; that on the 7th day of May, 1881, the relator, as director of said district, prepared a report in writing of the aforesaid taxes voted by said district, and after signing the same himself, requested the defendant to sign the same, which he refused to do or to sign any other report showing the taxes voted by said district, and that in consequence thereof, the taxes so voted cannot be reported to the county clerk of Johnson county, etc.

Section 11 of sub. II of "an act to establish a system of public instruction for the state of Nebraska," approved March 1, 1881, provides that "the legal voters at any annual meeting shall determine by vote the number of mills on the dollar of the assessed valuation which shall be levied for all purposes, except for payment of the bonded indebtedness and purchase or lease of school house, which number shall not exceed twenty-five mills in any year. The tax so voted shall

be reported by the district board to the county clerk, and shall be levied by the county board and collected as other taxes." Laws 1881, 341. Comp. Stat., 457.

Section 1, sub. V, provides that "the moderator, director, and treasurer shall constitute the district board."

Section 2 provides that: "Immediately after the annual meeting, and not later than the first Monday in June, said board shall make and deliver to the county superintendent, and also to the county clerk of each county in which any part of the district is situated, reports in writing under their hands of all taxes voted by the district during the current school year to be levied on the taxable property of the district," etc.

Section 645 of the code provides that the "writ of mandamus may be issued to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins as a duty, resulting from an office, trust, or station." That a clear and specific duty of a ministerial nature is required by law of the defendant as a member of the district board is unquestioned, and mandamus is the appropriate remedy to compel the performance of such duty. A peremptory writ is therefore awarded.

JUDGMENT ACCORDINGLY.